UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**In Admiralty**

AXIS INSURANCE COMPANY,

    Plaintiff,

v.                                                                                                                                    CASE NO.:

OLIVIA YACHT LTD.,

    Defendant.
_____/

**COMPLAINT**

COMES NOW, Plaintiff, AXIS INSURANCE COMPANY ("AXIS"), by and through undersigned counsel, and sues Defendant, OLIVIA YACHT LTD. ("Olivia Yacht"), for declaratory judgment, and alleges as follows:

**NATURE OF THE CASE**

1. This action is brought pursuant to 28 U.S.C. § 2201 and seeks a declaration of the rights, duties, and obligations of the parties with respect to a marine insurance policy issued by AXIS to Olivia Yacht, Policy Number S35463202 ("the Policy"). A true and correct copy of the Policy is attached as **Exhibit A**.

2. An actual and justiciable controversy exists relating to the parties' respective rights, duties, and obligations under the Policy.

3. Specifically, AXIS seeks a judgment declaring that it is not required to provide insurance coverage under the Policy for any defense, loss, damage, or expense suffered or incurred as a result of, or arising out of, Olivia Yacht's 2008 50' Schaefer Yacht Phantom 500 ("the Vessel") burning and/or sinking while anchored at Elliott Key, Florida, well outside

the Policy's navigational limit of coverage inside Coco Plum Marina, sometime on May 23, 2021.

4. Olivia Yacht claims the Policy provides coverage for the claims it has asserted.

5. AXIS contends the Policy does not provide coverage.

6. There is an actual controversy between AXIS and Olivia Yacht involving their respective rights and liabilities under the Policy.

7. The matter is now ripe for adjudication.

## THE PARTIES

8. AXIS is an insurance company authorized to transact business in the State of Florida.

9. At all times relevant to this action, Olivia Yacht was the owner of the Vessel.

## JURISDICTION AND VENUE

10. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure because this dispute involves a policy of marine insurance, which is a maritime contract subject to admiralty jurisdiction. Additionally, the sinking giving rise to this action occurred within this District on the navigable waters of the United States.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 139l(b) because the loss occurred in this District.

## FACTS AND RELEVANT POLICY PROVISIONS

12. AXIS issued the Policy to Olivia Yacht, which had effective dates of July 10, 2020 to July 10, 2021.

13. The Policy defines "**Boat**" to mean "the boat shown on the Declarations Page." The Declarations Page identifies the Boat as a 2008 50' Schaefer Yacht Phantom 500 bearing hull identification number SYC50H14J708.

14. The Policy defines "**Insured Property**" to include the Boat.

15. Under Part D: Property Damage Coverage, the Policy extends coverage to claims for "all accidental, direct physical loss or damage to [Olivia Yacht's] Insured Property, except as excluded in this policy."

16. Under Part A: General Provisions, the Policy states:

> **4. NAVIGATIONAL LIMITS:** Coverage is provided while the Boat is on land or afloat within the Navigational Limits shown on the declarations page.

17. The Declarations Page states: "Navigational Limits: Coverage is provided while the boat is on land, or afloat within the confines of: Coco Plum Marina, Coral Gables, FL 33143."

18. The Policy was issued to provide coverage only while the Vessel was on land or afloat within Coco Plum Marina. It did not provide coverage for the Vessel outside of the confines of Coco Plum Marina.

19. On or about May 23, 2021, the Vessel was sailed outside of the confines of Coco Plum Marina.

20. Olivia Yacht knew the Policy contained a navigational warranty requiring the Vessel to be within the confines of Coco Plum Marina in Coral Gables, Florida.

21. Olivia Yacht received a lower premium as a result of the inclusion of the Navigational Limits on the Policy.

22. Despite its knowledge of the navigational restrictions on the Vessel, Olivia Yacht made no effort to make sure it complied with the Policy requirements.

23. The Vessel caught fire and sank on May 23, 2021 outside the navigational limits of the Policy.

24. Olivia Yacht has made a claim against AXIS under the Policy for coverage relating to or arising out of the burning and sinking of its Vessel.

25. In investigating the foregoing claim, AXIS learned that the Vessel caught fire and sank while anchored by Elliott Key, and not while on land or afloat within the confines of Coco Plum Marina in Coral Gables, Florida.

26. Based on the information it learned in the investigation of Olivia Yacht's claim, AXIS denied Olivia Yacht's claim on May 25, 2021.

27. Olivia Yacht disputes the propriety of AXIS denying its claim and its position regarding the Policy and its coverage.

## COUNT I
## BREACH OF THE NAVIGATIONAL WARRANTY

28. AXIS re-alleges and incorporates paragraphs one (1) through twenty-seven (27) of this Complaint as if set forth fully herein.

29. The general maritime law governs the construction of navigational warranties contained in marine insurance policies like the Policy involved in this case.

30. Under the general maritime law, navigational warranties are strictly construed and a breach of the warranty will release an insurance company of liability on the policy even if compliance with the warrant would not have avoided the loss.

31. The losses claimed by Olivia Yacht occurred while the Vessel was located at or near Elliott Key, Florida.

32. The Policy's navigational warranty required the Vessel to be within the confines of Coco Plum Marina in Coral Gables, Florida.

33. Because the Vessel was outside of the agreed upon navigational area when the loss occurred, Olivia Yacht breached the navigational warranty.

34. Olivia Yacht's breach of the navigational warranty prevents coverage for any damage sustained to the Vessel.

WHEREFORE, Plaintiff, AXIS INSURANCE COMPANY, respectfully prays for a judgment of this Court declaring that it has no obligation to provide Olivia Yacht with insurance coverage under the Policy for any defense, liability, damages, losses, and/or expenses resulting from or arising out of the Vessel's burning and sinking near Elliott Key, Florida sometime on May 23, 2021 because of Olivia Yacht's breach of the navigational warranty and awarding to AXIS such other and further relief as this Court may deem just and proper.

>                Respectfully submitted,
>
>                */s/ Madison E. Wahler*
>                **ROBERT B. BIRTHISEL**
>                Florida Bar Number: 906654
>                **MADISON E. WAHLER**
>                Florida Bar Number: 1019015
>                mwahler@hamiltonmillerlaw.com
>                Hamilton, Miller & Birthisel, LLP
>                100 S. Ashley Drive, Suite 1210
>                Tampa, Florida 33602
>                **E-SERVICE**: CBBserve@hamiltonmillerlaw.com
>                P: 813-223-1900 / F: 813-223-1933
>                *Counsel for Plaintiff, AXIS Insurance Company*